# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

MICHAEL GRACE,

              Plaintiff,            :         Case No. 3:o5-cv-038

                                          District Judge Walter Herbert Rice

      -vs-                                 Chief Magistrate Judge Michael R. Merz

                               :

CITY OF XENIA, OHIO,

              Defendant.

---

## DECISION AND ORDER

---

       This case is before the Court on Plaintiff's Motion to Compel Discovery (Doc. No. 59) and Defendant's Memorandum in Opposition, coupled with a motion for protective order to prevent certain depositions from being taken at the Xenia Police Department (Doc. No. 60). The Motion was argued orally by telephone at 10:00 A.M. on October 31, 2006, with Plaintiff represented by David M. Deutsch and Defendant represented by Lynette Pisone  Ballato and Tabitha Justice.

       The case has been referred to the undersigned United States Magistrate Judge for discovery management only (Doc. No. 62). The instant motion being non-dispositive, it is amenable to magistrate judge decision under Fed. R. Civ. P. 72(a).

       The discovery deadline in this case was set for August 18, 2006 (Preliminary Pretrial Conference Order, Doc. No. 6), but discovery was not completed by that date and the parties agreed to extend the deadline until September 19, 2006 (Doc. No. 33). On September 15, 2006, Defendant filed its Motion for Summary Judgment (Doc. No. 59). Plaintiff represents in the instant Motion that

> The Court granted counsel for plaintiff an extension in which to respond to summary judgement of defendant and the ability to take the depositions of defendant's employees.  Defendant had named

> additional witnesses beyond the date that was set out by this Court in
> the pretrial order, and attached affidavits of those employees to their
> [sic] motion for summary judgment.

(Motion to Compel, Doc. No. 59, at 2.)  The record reflects that on October 4, 2006, Plaintiff moved

to extend his time to respond to the summary judgment motion to October 27, 2006, or in the

alternative to strike the affidavit of Kathleen Pratt, a records custodian for the Xenia Police

Department, filed in support of that motion (Doc. No. 57).  Despite the fact that the motion does not

comply with S. D. Ohio Civ. R. 7.3, Judge Rice on October 12, 2006, granted the extension to

October 27, 2006.  The Motion was clearly appropriate as the records custodian(s) for the Xenia

Police Department was not named as a lay witness until August 10, 2006, and then only identified

by position (See Doc. Nos. 34, 35). Although she is not mentioned in the Motion for Extension of

Time, apparently Plaintiff's counsel also decided to depose Pamela Gibbs, another Xenia Police

Department records custodian whose affidavit was filed in support of the summary judgment motion.

The parties initially agreed the depositions would occur, but were unable to agree on a

location or a date.  No date has yet been agreed upon because of the illness of one of the witnesses,

but only the location of the deposition is at issue in the instant Motion.

Plaintiff desires to depose Ms. Pratt and Ms. Gibbs at their place of employment, the Xenia

Police Department because

> [I]t is apparent, based upon the affidavits, that it would be important
> for me to take the depositions of these witnesses in the police station
> to examine the mechanisms, policies, procedures, and methodology,
> by which they were able to retrieve information to place in their
> affidavits.  If I were to take the depositions in defense counsel's
> office, I would never be able to verify the statements presented to me
> by these witnesses.

(Motion to Compel, Doc. No. 59, at 3.)

Ms. Gibbs' Affidavit indicates that attached photographs were taken with a digital camera,

initially stored on a 3.5" disk, transferred in 2002 to a server (inferentially, to a hard disk on a

server), then in 2005 transferred again to a DVD which is kept in a locked filing cabinet, then (inferentially again) retrieved by her and printed for attachment to her affidavit. While there is much food for cross-examination on the face of the Affidavit, it is certainly true that Plaintiff's counsel will not be able to personally examine the 3.5" disk, the server hard drive, the DVD, or the locked filing cabinet at Defendant's counsel's office. On the other hand, the 3.5" disk probably no longer exists and the sometime-presence of the relevant files on the hard disk can probably not be determined without the use of a computer forensic specialist, if indeed it still exists. It is unclear what use there would be in examining the locked filing cabinet; the key questions would seem to be what is the practice in securing it, which can be learned on cross and cannot be learned from physical examination. The DVD can be readily transported to Defendant's counsel's office. Being present at the Police Department will not enable Plaintiff's counsel to examine "policies and procedures." If what is desired to be examined are the "mechanisms" and "methodologies" of retrieval, presumably that can be demonstrated by Ms. Gibbs on any personal computer with a DVD drive. As to the mechanism or methodology of retrieving the DVD from a locked file cabinet, while it might be perceive if demonstrated than described in words, there is nothing of evidentiary value about that demonstration, so far as the Court can understand.

Ms. Pratt's Affidavit describes a purely paper filing system with respect to accident reports. While she could demonstrate the filing and retrieval systems if she were at her office, the Court does not understand how that would differ materially from an oral description.

Insofar as Plaintiff's counsel's desire is, as he says, to "verify the statements presented to me by these witnesses," if such verification implies the physical examination of the computer and paper filing systems, it is beyond the scope to the extension of discovery allowed by Judge Rice because it involves an examination of premises under Fed. R. Civ. P. 34 which was never requested within the time allowed for discovery nor is it a proper request to be made under Fed. R. Civ. P. 56(f)

because it is not needed to respond to the Affidavits of these witnesses.

A party has discretion to set the place for taking a deposition, subject to the Court's power to designate a different place. Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2112. Defendant has stated a number of considerations weighing against having the depositions at the Police Department, including lack of appropriate space, presence of arrested persons, and likely interruptions. Plaintiff has not shown any need to take the depositions at the Police Department. Accordingly, Plaintiff's Motion to Compel is denied except that witness Gibbs is ordered to be present for deposition at her counsel's office with the DVD from which the exhibits to her affidavit were retrieved and Defendant's counsel is ordered to have available for the deposition a personal computer with a DVD drive which can be used to do the retrieval in a manner consistent with the method used for the retrieval when the affidavit was created. Defendant's motion for protective order is granted with the exception stated in the prior sentence.

The depositions of Ms. Pratt and Ms. Gibbs will be conducted at Defendant's counsel's offices not later than November 15, 2006. Plaintiff's time to respond to Defendant's motion for summary judgment is extended to and including the fourteenth day after the depositions. Discovery remains closed for all other purposes.

This extension of time should not affect the trial date or associated dates.

November 1, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge