# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL GRACE,

       Plaintiff,                  :        Case No. 3:05-cv-038

                                           District Judge Walter Herbert Rice
   -vs-                                 Chief Magistrate Judge Michael R. Merz

                                   :

CITY OF XENIA, OHIO,

       Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO COMPEL

This case is before the Court on Defendant's Motion to Compel (Doc. No. 32) which Plaintiff opposes (Doc. No. 36).

The chronology relevant to the dispute is that Defendant propounded an interrogatory to Plaintiff on April 13, 2006, requested that Plaintiff state his employment for the past ten years, whether he worked as an employee, agent, or independent contractor, the name and location of any employing company, and the dates of employment (Doc. No. 32, Ex. A).  Plaintiff did not respond, but his counsel served the following: "Objection, request is overly broad and burdensome and seeks information which is irrelevant and will not lead to discovery of relevant or admissible evidence." *Id*. In the same discovery request, Defendant asked "Please produce copies of your state and local income tax returns for the years 2002, 2003, and 2004." *Id*.  Plaintiff's counsel objected in the same words as to the Interrogatory. *Id*.

The scope of discovery under the Federal Rules of Civil Procedure has traditionally been quite broad. *Hickman v. Taylor,* 329 U.S. 495 (1947).  Prior to the December 1, 2000, amendments, it encompassed any matter that bears on, or that could reasonably lead to other matters that could

bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Information was discoverable "if there is any possibility that the information sought may be relevant to the subject matter of the action," *Miller v. Doctor's General Hospital,* 76 F.R.D. 136, 138-39 (W.D. Okla. 1977). Information sought need not itself be admissible, so long as it was "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However the scope of discovery was always within the broad discretion of the trial court. *Ghandi v. Police Dept. of City of Detroit,* 747 F.2d 338, 354 (6th Cir. 1984); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

On December 1, 2000, Fed. R. Civ. P. 26(b) was amended to provide:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location or any books, documents, or other tangible things and the identify and location of person having knowledge of any discoverable matter. For good cause shown, the court may order discovery of any matter relevant to the subject matter involved in the action.

The effect of the amendment is to limit party-controlled discovery to material "relevant to the claim or defense of any party" and to require court permission to expand the scope. Neither party has requested any expansion in this case, so the question if whether the sought material is relevant to the claim or defense of any party.

Defendant first sought information about Plaintiff's employment during his deposition. Plaintiff opposes the Motion to Compel in part on the basis that the information was already provided during the deposition, making the Motion moot (Response, Doc. No. 36, at 4-5). When questioned at the place cited in the deposition transcript (pp. 18-21), Mr. Grace responded as to his present employment (Pace Airlines) and his employment prior to that (Fayaer Enterprises). He testified that in both jobs he worked as a pilot. He admitted confusion as to when he changed

2

positions and the need to consult other documents to clarify the answer. *Id*. at pp. 20, ll. 22-25 - p. 21, l. 1. The interrogatory merely seeks a more definite answer to when the employment changed and a clearer answer as to Plaintiff's capacity with the two employers. The information sought in the interrogatory was not completely furnished at the deposition.

Plaintiff objects that Defendant sought a release for all his employment records which was refused on grounds of overbreadth. That argument is of course well taken, but the request for all employment records is not renewed in the Motion to Compel.

Plaintiff also makes a relevance objection by claiming that he stated in his deposition that the work on the subject property was not completed because of inclement weather. However, Defendant asserts that, prior to the litigation, he offered a different excuse, to wit, that his job kept him from it. The Court concludes that the employment information sought in the Interrogatory is indeed relevant to claims and defenses in the case.

Plaintiff did not explain his burden and overbreadth objections when he made them and does not explain them now. Under Fed. R. Civ. P. 33(b)(4), an objection must be stated with specificity, and these objections are insufficiently specific. On its face, the interrogatory does not appear to be either overbroad or burdensome to answer.

With respect to the request under Fed. R. Civ. P. 34 for the production of state and local income tax returns, Plaintiff asserts these documents are irrelevant because his income is not at issue in the case. However, income tax returns will provide Defendant with other relevant information, to wit, the identities of the person or persons who employed Plaintiff during the three-year time period. While Plaintiff will be required to provide employment information in responding to the interrogatory, the tax returns are independent evidence of the employment and discoverable on that basis. Certainly it cannot be burdensome to produce those records and indeed Plaintiff has not made

any specific burden objection here.[1]

       Defendant's Motion to Compel is therefore granted.  Plaintiff shall answer the interrogatory under oath and provide Defendant's counsel with copies of the requested tax returns not later than November 10, 2006.

November 2, 2006.

                                          s/ Michael R. Merz
                                  Chief United States Magistrate Judge

---

[1] Defendant devotes some space to discussing why federal income tax returns are discoverable, but it did not ask for federal returns in its document request.